# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

___

| | | |
|---|---|---|
| TEMETHA TATUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15-2137-SHL/tmp |
| | ) | |
| CRICKET COMMUNICATIONS, | ) | |
| | ) | |
| Defendant. | ) | |

___

## REPORT AND RECOMMENDATION

___

On February 25, 2015, plaintiff Temetha Tatum filed a *pro se* complaint against defendant Cricket Communications, alleging violations of Title VII of the Civil Rights Act of 1964 in connection with her termination from employment with defendant. Defendant filed an answer on March 24, 2015, without pleading any counterclaims. On April 23, 2015, the parties appeared before the undersigned for a scheduling conference pursuant to Rule 16(b), and a scheduling order was entered later that same day. The District Judge entered an order setting the case for trial for May 31, 2016.

On April 30, 2015, plaintiff filed a "Motion for Dismissal." In her motion, plaintiff asks the court to dismiss her case because she cannot afford to hire an attorney to represent her, her motion to appoint counsel was denied, she is

dealing with stress, and she "no longer want[s] to waste the court['s] time or my time in this case only to lose in the end." (ECF No. 23.)  Defendant has not filed a response to the motion.

Rule 41(a)(2) provides in part, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."  It is recommended that plaintiff's complaint be dismissed without prejudice pursuant to Rule 41(a)(2), with all parties to bear their own costs.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

May 20, 2015
Date


**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS.  ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2).  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**